UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAUNA and SHELDON SOULE,<br><br>  Plaintiffs,<br><br> v.<br><br> WELLS FARGO BANK, N.A.,<br><br>  Defendant. | CASE NO. C21-891RSM<br><br>ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s Motion to Dismiss the First Amended Complaint. Dkt. #14. Plaintiffs Shauna and Sheldon Soule oppose the Motion. Dkt. #17. The Court has determined oral argument is unnecessary. For the reasons stated below, the Court GRANTS Defendant's Motion and dismisses Plaintiff's claims WITH PREJUDICE.

## II.  BACKGROUND[1]

Plaintiffs Shauna and Sheldon Soule (the "Soules") are United States Citizens residing in Snohomish County, Washington. Dkt. #13 ("FAC") at ¶ 1. Wells Fargo is the Community Banking Subsidiary of Wells Fargo & Company. FAC at ¶ 2.

---

[1] Except as otherwise noted, the following background facts are taken from Plaintiffs' Amended Complaint, Dkt. #14, and accepted as true for purposes of ruling on this Motion to Dismiss.

ORDER GRANTING MOTION TO DISMISS - 1

Since as early as 2010, the Soules have suspected Wells Fargo of wrongdoing related to their home mortgage loan. FAC at ¶ 17. On May 17, 2013, the Soules filed a lawsuit against Wells Fargo in Snohomish County Superior Court. FAC at ¶ 20. This state court lawsuit focused on Wells Fargo's alleged improper denial of the Soules' requested Home Affordable Modification Program ("HAMP") mortgage modification under the Washington Consumer Protection Act ("CPA"). *Id.* The Soules lost at trial in 2016. *Id.*

In the instant action, the Soules assert three claims against Defendant Wells Fargo: (1) negligence, (2) a violation of the CPA, and (3) negligent infliction of emotional distress. FAC at 10–13. The Soules voluntarily dismissed their fourth unjust enrichment claim. Dkt. #17 at 11. In their amended complaint, the Soules allege the existence of "new facts that were unknown at the time of their previous litigation and could not have been asserted at that time." Dkt. #17 at 14; *see also* FAC at ¶¶ 10, 24, 27. The Soules claim these new facts, which are the sole bases for their lawsuit, are: (1) In a 2015 SEC filing, Wells Fargo admitted to using a defective Net Present Value ("NPV") calculator; (2) this deficient NPV calculator caused the Soules to be erroneously denied mortgage modification under the HAMP and Wells Fargo's Mortgage Assistance Program 2 ("MAP2R"); (3) after losing their lawsuit in state court, the Soules hired an expert to help them understand their case who suggested they submit a public records act request to the Office of the Attorney General (OAG); and (4) production from this public records request revealed that Wells Fargo had allegedly lied about the status of their loan to the OAG via voicemail. *See* FAC at ¶¶ 10, 18, 24, 25, 27, 39; *see also* Dkt. #17 at 7, 14.

The Soules claim the existence of the facts above in support of their instant causes of action. FAC at 10–13. In response, Wells Fargo asserts that the Soules' claims are barred by several defenses, including *res judicata*. *See* Dkts. #14 and #21. The Soules respond that their

ORDER GRANTING MOTION TO DISMISS - 2

claims are not barred by *res judicata* because they are "asserting new facts…which were discovered years after [their] prior litigation with Wells Fargo." Dkt. #17 at 14.

### III. DISCUSSION

#### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

#### B. Plaintiffs' Claims are Barred by *Res Judicata*

Wells Fargo argues the Soules' claims are barred by *res judicata* and their claims should be dismissed with prejudice. *See* Dkts. #14 at 14–15 and #21 at 7–10. The Court agrees with Wells Fargo that Plaintiffs' claims were raised or could have been raised in the prior litigated action.

A dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) is considered a "final judgment on the merits." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399, 101 S. Ct.

ORDER GRANTING MOTION TO DISMISS - 3

2424, 69 L. Ed. 2d 103 (1981); *Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142 (9th Cir. 1999).

Under the doctrine of *res judicata*, "a final judgement on the merits bars further claims by parties or their privies based on the same cause of action." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979)). "[W]hen the parties to two successive proceedings are the same, and the prior proceeding culminated in a final judgement, a matter may not be relitigated, or even litigated for the first time, if it could have been raised, and in the exercise of reasonable diligence should have been raised, in the prior proceeding." *Kelly-Hansen v. Kelly-Hansen*, 87 Wn. App. 320, 328–29, 941 P.2d 1108 (1997) (footnotes omitted); *see also W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine of *res judicata* is applicable where there is (1) an identity of claims, (2) a final judgement on the merits, and (3) identity or privity between parties. *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013) (citing *Glickman*, 123 F.3d at 1192).

Plaintiffs Shauna and Sheldon Soule bring the instant suit against the same Defendant, Wells Fargo, reasserting a CPA claim and also bring claims of negligence and negligent infliction of emotional distress. Although the Soules allege "new facts" in support of their suit, the Court agrees with Wells Fargo that these claims are barred by *res judicata* because they were raised or could have been raised in the prior litigated action.

The Soules "assert new facts that were unknown at the time of their previous litigation and could not have been asserted at that time." Dkt. #17 at 14. In response, Wells Fargo counters that the plaintiffs' alleged new facts "'could have been raised, or in the exercise of reasonable diligence should have been raised,' in their 2013 State Court Action against Wells Fargo[.]" Dkt. # 21 at 8–9. Central to the *res judicata* analysis is whether such new facts existed or were discoverable at the time of the prior litigation. *See Fluke Capital & Mgmt. Servs. Co. v. Richmond*,

ORDER GRANTING MOTION TO DISMISS - 4

106 Wn.2d 614, 620, 724 P.2d 356 (1986), ("[a] claim includes 'all rights of the claimant to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose,' without regard to whether the issues actually were raised or litigated.") (quoting Restatement (Second) of Judgements § 24(1) (1982)).

The Soules' alleged "new facts" are not sufficient to avoid the *res judicata* bar. First, Wells Fargo's 2015 admission of its faulty NPV calculator in an SEC filing was discoverable in the state court litigation which did not conclude until 2016. Second, the Soules have already alleged Wells Fargo violated the CPA by erroneously denying them mortgage modification under the HAMP in their state court action which commenced in 2013. FAC at ¶ 20. Their additional claims of negligence and negligent infliction of emotional distress are merely alternate theories of recovery that could have been raised and decided in the prior proceeding. *See Kelly-Hansen*, 87 Wn. App. at 331. Third, the "new facts" produced by the Soules' hiring of an expert could, through reasonable diligence, have been raised in the prior proceeding. *See, e.g.*, *State ex rel. Mitchell v. Smith*, 146 Wn. App. 1013 at *2 (2008) (holding *res judicata* applied because plaintiff's alleged newly discovered evidence by a private investigator could "easily have been discovered before trial"). The Soules could have submitted a public records request at any time since they first suspected Wells Fargo of wrongdoing in 2010. Further, the voicemail that the Soules point to has existed since 2014. Accordingly, *res judicata* properly bars the Soules from relitigating the issues in this case, which clearly overlap with claims that were or should have been brought in the Soules' prior action.

A dismissal with prejudice under the Federal Rule of Civil Procedure 12(b)(6) is considered a "final judgement on the merits." *Forsman v. Port of Seattle*, No. C21-867RSM, 2021 WL 4476866 (W.D. Wash. Sept. 30, 2021) (citing *Federated Dep't Stores v. Moitie*, 452 U.S.

ORDER GRANTING MOTION TO DISMISS - 5

394, 399, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981)). The previous 2013 state court decision constitutes a dismissal of the claims on the merits.

Even if the Soules' current action were not barred on procedural grounds, it would be dismissed under the applicable statute of limitations given the number of years between which the Soules knew or should have known of the facts giving rise to the instant claims and the date of filing this action. Given all of this, the Court need not address Wells Fargo's other arguments on the merits of the Soules' claims.

### IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Wells Fargo's Motion to Dismiss the First Amended Complaint, Dkt. #14, is GRANTED.  Plaintiffs' claims are DISMISSED WITH PREJUDICE.

DATED this 27th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE